**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**EDDIE BOLAR, JR.**                                                           **PLAINTIFF**

**V.**                           **NO. 3:15CV00386-JTR**

**CAROLYN W. COLVIN,**                                        **DEFENDANT**
**Acting Commissioner,
Social Security Administration**

**ORDER**

**I.   Introduction:**

Plaintiff, Eddie Lee Bolar Jr. ("Bolar"), applied for disability income benefits on April 23, 2013, alleging a disability onset date of March 1, 2013. (Tr. at 38). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 48). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Bolar has requested judicial review.[1]

For the reasons stated below, the Court affirms the decision of the Commissioner.

**II.   The Commissioner's Decision:**

The ALJ found that Bolar had not engaged in substantial gainful activity since the alleged onset date of March 1, 2013. (Tr. at 40). At Step Two, the ALJ found that Bolar has the following severe impairments: depressive disorder; adjustment disorder with anxious mood; lumbar spondylosis; pain disorder associated with both medical and psychological factors; diabetes mellitus; obstructive sleep apnea; hypertension; obesity; and alcohol abuse.

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

*Id.* After finding that Bolar's impairments did not meet or equal a listed impairment (Tr. at 41), the ALJ determined that Bolar had the residual functional capacity ("RFC") to perform sedentary work with the following limitations: 1) stand or walk for about two hours in an eight-hour workday; 2) requires an option to stand after sitting more than thirty minutes (standing option lasting no more than ten minutes, to be performed within the immediate workplace area, and does not interfere with the work process); 3) occasional stooping, crouching, bending, kneeling, crawling, or balancing; 4) no exposure to unprotected heights, ladders, ropes, or scaffolds; and 5) only simple routine, repetitive tasks with supervision that is simple, direct, and concrete. (Tr. at 43).

While the ALJ found that Bolar was not capable of performing his past relevant work (Tr. at 47), the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Bolar's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform at the sedentary level with added limitations, specifically, document preparer and charge account clerk. (Tr. at 48). Based on this Step Five determination, the ALJ held that Bolar was not disabled. *Id.*

### III. Discussion:

#### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to

support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B. Bolar's Argument on Appeal

Bolar's sole argument is that the jobs identified by the VE involve "level three reasoning," as defined by the *Dictionary of Occupational Titles* ("DOT"),[2] thereby exceeding the ALJ's RFC finding that Bolar could only perform "simple, routine, repetitive tasks with supervision that is simple, direct, and concrete." (Tr. at 43). Thus, Bolar argues there was a conflict between the VE testimony and the DOT, which the ALJ erred in failing to resolve.

---

[2]Level three reasoning requires an ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and to "[d]eal with problems involving several concrete variables in or from standardized situations." *DOT*, app. C, pt. III (1991 WL 688702 (4th ed. rev. 1991).

The Eighth Circuit has repeatedly recognized that DOT definitions are "simply generic job descriptions that offer the approximate maximum requirements for each position, rather than their range." *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010). Nevertheless, before relying on VE evidence to support a determination that a claimant is not disabled, the ALJ has an affirmative responsibility to ask about "any possible conflict" between VE testimony and the DOT, and to obtain an explanation for any such conflict. *Renfrow v. Colvin*, 496 F.3d 918, 920-21 (8th Cir. 2007); *see* Social Security Ruling 00-4p, 2000 WL 1898704 (Dec. 4, 2000).

In this case, at the beginning of the VE's testimony, the ALJ asked:

Q:   If your testimony differs from the *Dictionary of Occupational Titles,* will you advise [Bolar's attorney] and myself? Will you do that?

A.   Yes, Your Honor.

(Tr. at 85-86.) The ALJ then asked the VE if there were any jobs consistent with a hypothetical individual who was limited to sedentary work that was "simple, routine and repetitive with supervision which is simple, direct and concrete." (Tr. at 86-87). The VE testified that such an individual could perform the jobs of document preparer (DOT 249.587-018) and charge account clerk (DOT 205.367-014). (Tr. at 87-88). The VE did not identify any conflict between her testimony and the DOT. In the ALJ's decision, he stated that, "[p]ursuant to SSR 00-4p," he had determined that the VE's testimony was "consistent with the information contained in the [DOT]." (Tr. at 48).

The ALJ's questioning, and the VE's responsive testimony, accurately reflected the

4

ALJ's RFC determination, which Bolar does not dispute. That RFC determination constituted a limitation to unskilled work. *See* 20 C.F.R. §§ 404.1568(a), 416.968(b) (unskilled work "needs little or no judgment to do simple duties that can be learned on the job in a short period of time"). The VE testified that both jobs she identified had an SVP of 2.[3] (Tr. at 88). Although those jobs require a reasoning level of three, the SVP is commensurate with unskilled work. *See* SSR 00-4p, *supra* at *3 (unskilled work corresponds to an SVP level of 1-2).

In *Renfrow*, 496 F.3d at 920, the claimant could not perform complex, technical work and was limited to "unskilled work." The VE identified jobs requiring a reasoning level of three. The Eighth Circuit stated that "[t]he jobs in question are both classified as unskilled and so do not appear to be 'complex.'" *Id.* The Court thus held that no conflict existed between the VE's testimony and the DOT. *Id.* Because no conflict existed, the ALJ's failure to expressly question the VE about conflicts between his testimony and the DOT constituted harmless error. *Id.* at 921.

Similarly, in *Welsh v. Colvin*, 765 F.3d 926, 929-30 (8th Cir. 2014), the Eighth Circuit held that ALJ properly relied on the VE's opinion that there was "no inconsistency" between jobs requiring level 3 reasoning capability under the DOT, and an RFC that was limited to "simple, routine, repetitive work." The Court thus held that no remand was required due to

---

[3]The DOT assigns each occupation a number that reflects the job's specific vocational preparation (SVP) time, i.e., how long it generally takes to learn the job. *Fines v. Apfel*, 149 F.3d 893, 895 (8th Cir. 1998); *see* DOT, app. C, pt. II.

the ALJ's "failure to address any potential inconsistency." *Id.* at 930.

Finally, Bolar's past job as a truck driver is classified as "semi-skilled," with an SVP of 4 (Tr. at 86), indicating some ability to perform work requiring more than the "simple" duties involved in unskilled work.[4] *See Hillier v. Soc. Sec. Admin.*, 486 F.3d 359, 366-67 (8th Cir. 2007) (even though, "[i]n the abstract," tension exists between the DOT's description of a cashier job requiring level 3 reasoning and an RFC limitation to following "simple, concrete" instructions, the claimant's previous work as a cashier supported the ALJ's conclusion that the claimant could perform that work).[5]

Bolar's argument, that the level three reasoning of the jobs identified by the VE required more than the RFC presented, is not supported by the law of the Eighth Circuit. The VE testimony was not in conflict with the DOT, and the ALJ was not required to go further in identifying or addressing any potential inconsistency. Accordingly, the ALJ properly relied on the VE's testimony in determining that Bolar was not disabled.

## IV. Conclusion:

Substantial evidence supports the Commissioner's decision that Bolar had the RFC to perform the jobs identified by the VE. The finding that Bolar was not disabled within the

---

[4] 20 C.F.R. §§ 404.1568(b), 416.968(b) (defining semi-skilled work).

[5] *See also McCalla v. Colvin*, 2015 WL 4977190, *2-3 (E.D. Ark. Aug. 21, 2015) (concluding that, based on *Renfrow* and *Hillier*, "[n]o conflict exists between the 'simple instructions' limitation and the level three reasoning ability position – order clerk – identified by the VE"); *Filbert v. Colvin*, 2015 WL 1474873, *11 (E.D. Mo. Mar. 31, 2015) (citing *Renfrow* and *Welsh* and holding: "The law in this Circuit is clear – any potential inconsistency between a reasoning level of three and the ability to follow only simple instructions on non-detailed tasks is not a conflict.").

meaning of the Social Security Act, therefore, must be, and hereby is affirmed. The case is dismissed, with prejudice.

IT IS SO ORDERED this 22nd day of November, 2016.

_____
UNITED STATES MAGISTRATE JUDGE